UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/16

ELVIS PENA, on behalf of himself and others similarly situated,

Plaintiff,

-against-

LE CIRQUE, INC. and MARCO MACCIONI,

Defendants.

14 Civ. 7541 (FM)

## [PROPOSED] FINAL ORDER AND JUDGMENT

The Court, having considered the parties' Settlement Agreement and Release dated August 21, 2015 ("Agreement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 and Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") will have the same meaning as defined in the Agreement and Stipulation.

2. The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Class Members, the FLSA Collective Members, and Le Cirque, Inc. and Marco Maccioni (collectively referred to as "Defendants").

3. The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable and adequate as to the Parties, the Claimants, and the Class Members (collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

4. The Court finds that the procedures for notifying the Class Members about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

5. The Court finds, for settlement purposes only, that the Class satisfies the applicable standard for certification under Fed. R. Civ. P. 23.

6. The action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs and all other Authorized Claimants and Class Members who have not opted out from filing, commencing, prosecuting, or pursuing the claims released by the Agreement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

7. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $366,666.66 for attorneys' fees, and $8,639.66 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case.

9. The service awards for the named Plaintiff, as set forth in Section 3.3 of the Agreement, are approved to reimburse them for their unique services in initiating and maintaining this litigation.

10. The Court awards the Claims Administrator its reasonable costs in administering the Settlement, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Fund.

11. The entire Lawsuit is dismissed with prejudice and without costs to any party. All Class Members are barred and permanently enjoined from participating in any other individual or class lawsuit against the releasees concerning the released claims.

12. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

13. The Parties are ordered to carry out the Settlement as provided in the Agreement and Stipulation.

14. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 1/21, 2016

Honorable Frank Maas, U.S.M.J.

3